172          NEW-YORK PRACTICE REPORTS.

Sandford agt. The Board of Supervisors of New-York.

---

## SUPREME COURT.

EDWARD S. SANDFORD, President, &c. of the A erican and European Joint Stock Express Co. agt. THE BOARD OF SUPERVISORS OF NEW-YORK.

The constitution of this state (*art.* 8, § 1) declares that *corporations* may be formed under general laws; and by section 3 it is declared that the term " corporations " as used in this article, shall be construed to include all *associations* or *joint stock companies* having *any* of the *powers* or *privileges not possessed by individuals* or *partnerships*.

The legislature of this state in 1849 and 1854, passed laws authorizing, generally, the formation of associations or joint stock companies, under this provision of the constitution, and conferred on them many powers and privileges not possessed by individuals or partnerships. The plaintiffs in this case were organized and formed under these laws.

But strange as it may seem, the act of 1854, above referred to, after conferring upon these companies, additional powers and privileges, possessed only by corporations, closes with this remarkable declaration: " This act shall in no court be construed to give said associations any rights and privileges as corporations."

*Held*, that if the legislature meant by this, any *other* rights and privileges as corporations, than those conferred by said acts, all well. But if they intended to declare that such associations should not be *corporations*, after conferring on them, in accordance with the constitution, some of the powers and privileges of corporations, and which admit that if any such powers and privileges are conferred, they shall be deemed corporations, such declaration merely runs afoul of the constitution, and must yield to the provisions of the latter.

*Held*, also, that these joint stock associations being corporations, within the meaning of the constitution, they are liable to *taxation* on their capital, like all other corporations.

Sandford agt. The Board of Supervisors of New-York.

*New - York Special Term, February,* 1858.
DEMURRER to complaint.

CLARENCE A. SEWARD, *for plaintiffs.*
A. R. LAWRENCE, JUN., *for defendants.*

DAVIES, Justice. The question presented for consideration in this case is, whether a joint stock association, organized under chapter 258, Laws of 1849, and chapter 245, Laws of 1854, is a corporation within the meaning of the laws relating to taxation, and as such, liable to be taxed on its capital? By section 1, of title 4, chapter 13, part 1, of the Revised Statutes, all moneyed or stock corporations deriving an income from their capital or otherwise, shall be liable to taxation on their capital.

By section 1, of art. 8 of the constitution of this state, it is declared that corporations may be formed under general laws, and by section 3, it is declared that the term " corporations " as used in this article, shall be construed to include all associations or joint stock companies having any of the powers or privileges not possessed by individuals or partnerships.

The legislature were therefore authorized to pass general laws, under which corporations might be formed, and the *corporations* thus authorized to be formed under general laws, were held to include all associations and joint stock companies having *any* of the powers or privileges of corporations not possessed by individuals or partnerships.

In pursuance of this authority, the legislature authorized the formation of corporations called joint stock companies and associations, by conferring on them some of the powers and privileges of corporations, such as that suits might be brought and be sued in the name of their president or treasurer, and such suits were to have the same force and effect as if brought in the name of or against the shareholders or associates.

That no suit commenced shall abate by reason of the death of the officer in whose name it was commenced, or against

whom it was prosecuted, but that the same shall be continued in the name of his successor in office.

That such officer shall not be liable in his own person or property by reason of any such suit commenced by him, or prosecuted against him.

And section fifth declares that nothing therein contained shall be construed to confer on such joint stock companies or associations, any of the rights and privileges of corporations, except as therein specially provided.

Herein is a plain and unequivocal legislative declaration, that some of the rights and privileges of corporations were conferred upon the joint stock companies or associations organized under that act.

The act of 1854 confers additional rights and privileges on these companies or associations, peculiar to corporations; but contains a provision that that act should in no court be construed to give said associations any rights and privileges as corporations.

I am at a loss to understand this legislative declaration. The constitution only authorized the formation of corporations under general laws, and declares that such term "corporations" shall be held to include all associations and joint stock companies having *any* of the powers or privileges of corporations not possessed by individuals or partnerships.

The legislature then provided by a general law for the formation of such corporations, by conferring on them some of the powers and privileges, not possessed by individuals or partnerships, and declared that the act shall not be construed to confere any of the rights and privileges of corporations, except as therein specially provided.

Then, the act of 1854 confers additional powers and privileges, possessed only by corporations, and ends with the declaration that no court shall construe it as giving to said associations any rights and privileges as corporations. I think this must mean any other rights and privileges than those conferred; otherwise, it destroys itself. That certainly could not have been the intention of the legislature. A corporation is

succinctly and well defined by Judge BRONSON, in *The People* agt. *The Assessors of Watertown*, (1 *Hill*, *p.* 620.)  He says : " A corporation aggregate is a collection of individuals united in one body, under such a grant of privileges as secures a succession of members without changing the identity of the body, and constitutes the members for the time being, one artificial person or legal being, capable of transacting some kind of legal business, like a natural person."

This definition embraces the powers and privileges conferred by the legislature on these companies or associations; and after they have been conferred, is it sound to say that the legislature intended to say, that no court should hold that they were conferred?  I cannot yield my assent to such a construction of the act of the legislature.  A similar argument was used in reference to the association organized under the banking law of 1838.  The legislature in passing that act, certainly did not intend that the association organized under it, should be corporations in the same sense used in the constitution of 1821.

Judge BRONSON says in reference to this, " it may be true, as argued, that the legislature intended to make a legal being, and give it all the essential attributes of a corporate body, and yet that it should not be a corporation.  That the legislature could not do.  I. do not refer to any written constitution. The constitution of things, the order of nature, forbids it. Human powers are not equal to the task of changing a thing, by merely changing its name."

Judge BRONSON also says : " But whether a corporation or not, does not depend upon the numbers or magnitude of its powers, nor the manner in which they were conferred—an association under our general laws, for a village library, or to tan hides, possesses all the essential attributes of a corporation in as great perfection as the Bank of England, or the East India Company.  Nor is it important in what mode or by what name or particular agency, this artificial being transacts its business. It is enough that it has capacity in some form to act as a legal being."

I think, therefore, that in obedience to the express mandate of the constitution, and to long and well established legal principles, we must hold that these associations or companies formed under these general laws are corporations, and that if the legislature has declared that such associations shall not be corporations, after conferring on them, in accordance with the constitution, some of the powers and privileges of corporations, and which admit that if any such powers and privileges are conferred, they shall be deemed corporations, such legislative declaration, must yield to the constitution, and be regarded as inoperative.

If the construction eontended for by the plaintiff is correct, it cannot control and nullify the constitutional enactments.

Having arrived at the conclusion that this joint stock association is a corporation, within the meaning of the constitution, it follows that it is liable to taxation on its capital, like all other corporations. (*Mutual Insurance Co. of Buffalo* agt. *Supervisors of Erie,* 4 *Com.* 444.)

And there is no hardship in this case upon the owners of the stock of this association. The property represented by this stock is liable to taxation, like all other property. It can only be taxed once. Those owning it, are entitled to have the amount owned by them in this corporation, deducted from their personal estate, and the property of the corporation contributes, therefore, its equal and just proportion only, to the burden of taxation.

The complaint does not, therefore, set forth facts sufficient to entitle the plaintiffs to the relief asked for, and there must be consequently judgment for the defendants on the demurrer, with costs.